### YODER, In Re.

Ohio Appeals, Second District, Darke County.

No. 638.   Decided January 26, 1945.

Murphy & Staley, Greenville, for appellee and for the motion.

S. E. Mote, Greenville, for the appellants, contra the motion.

## OPINION

BY THE COURT:

Submitted on motion of respondents-appellants and custodians to dismiss the appeal from the Juvenile Court for two reasons:

(1) That the suit is not a chancery suit and therefore not appealable as a chancery action;

(2) That the grandparents have no appealable interest in the matter.

The appeal, in our opinion, is not from a judgment entered in a cause cognizable in chancery before the civil code. The action below was instituted and prosecuted under the Juvenile Court act which is exclusively statutory. The custodial order was incidental to the statutory determination under the act that the children were dependent children. The order was not made in such an equitable suit involving the custody of children as was recognized as a case in chancery in Varsey v Varsey, 36 O. C. C. 385, nor does it bear analogy to the inherent right of the courts in a divorce case to determine custody, as discussed in the opinion in the cited case.

Therefore the appeal on questions of law and fact will be dismissed, and it is determined that the appeal may not be heard on questions of fact, and it is therefore retained as an appeal on questions of law. Thirty days after the filing of the entry journalizing this decision will be given appellants within which to have a bill of exceptions prepared and settled in the trial court.

Counsel for appellee discuss the jurisdiction of this Court to consider an appeal on questions of law from an adjudication of the delinquency of minor children, but this is not made the subject of the motion. Nor could it be because the notice of the present appeal is as upon questions of law and fact and

as to such an appeal there is no doubt but that this Court has constitutional jurisdiction. However, inasmuch as it has now been determined that the cause may not proceed as upon appeal on fact, if appellee desires to urge the question of jurisdiction to entertain the appeal on law, it should be raised before appellants have been put to the effort and expense of securing a bill of exceptions.

The second branch of the motion will be overruled. We cannot upon the transcript of docket and journal entries and the charge now filed in this Court determine as a matter of law that the appellants do not have such an interest in the subject matter of the judgment as to preclude their perfection and prosecution of the appeal.

HORNBECK and GEIGER, JJ., concur.
BARNES, P. J., not participating.

## ON APPLICATION FOR REHEARING

Decided February 10, 1945.

BY THE COURT:
Submitted on appellants' application for rehearing on the ruling sustaining the motion to dismiss the appeal upon questions of law and fact.

The motion for rehearing is accompanied by a brief which makes a strong presentation for the claim of appellants. We are by prior ruling committed to the position which we have taken in passing on the motion. We are in accord with the claim of appellants that there should be some provision whereby the losing party in proceedings to declare children dependent children should have the right of appeal to a reviewing court. However, we do not support the view that the procedure, purely statutory, whereby a juvenile court is clothed with jurisdiction to determine the dependency or delinquency of minor children contemplates the exercise of chancery jurisdiction.

The question raised is substantial and this is not the first case in which we have had it to consider. We would welcome an expression of our Supreme Court on the matter.

The application for rehearing will be denied.

HORNBECK and GEIGER, JJ., concur.